1

2

3

4

5

6

7          **UNITED STATES DISTRICT COURT**

8              EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  SANDRA BROWN, | Case No. 1:12-cv-00066-DLB PC |
| 11          Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| 12      v. | |
| 13  VALLEY STATE PRISON, et al., | ECF No. 1 |
| 14          Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

15

16  **I.     Background**

17          Plaintiff Sandra Brown ("Plaintiff") is a prisoner in the custody of the California Department

18  of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in

19  this civil action pursuant to 42 U.S.C. § 1983.  On January 13, 2012, Plaintiff filed her complaint.

20  ECF No. 1.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is incarcerated at Valley Stat Prison for Women ("VSPW") in Chowchilla, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: VSPW; nurse practitioner S. Nash; Supervising registered nurse II Sears; medical doctor Sighn; chief medical officer Virk; and licensed vocational nurse Alison.

Plaintiff alleges the following. Defendants acted in non-compliance with treatment for Plaintiff's lupus. Plaintiff has been at VSPW since 1999. In 2003, Defendant Virk denied or approved treatments ordered necessary for control of lupus flares and complications. In 2010, Defendant Sighn refused to order or issue medication for pain. Defendant Nash refused to treat Plaintiff on November 9, 2011 and November 21, 2011. Defendant Alison had an injection error on October 5, 2011.

Plaintiff requests as relief monetary damages, and that she receive a court order to be treated properly for lupus.[1]

## III.     Analysis

The Court will assume that Plaintiff brings this action as a medical care claim pursuant to the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

---

[1] The State of California, CDCR as an agency of California, and VSPW as a prison operated by CDCR, have Eleventh Amendment immunity from suit. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on Plaintiff's allegations, Plaintiff fails to allege sufficient facts which indicate that she had a serious medical need.  Plaintiff alleges that she had lupus, but does not allege facts which demonstrate that having lupus is a serious medical need.

Assuming that having lupus is a serious medical need, Plaintiff fails to allege facts which indicate that any Defendants acted with deliberate indifference.  Plaintiff alleges no facts against any Defendants which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Isolated incidents of neglect do not constitute deliberate indifference to serious medical needs.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

## IV.    **Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3.    Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   __October 9, 2012__          _____ /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE